IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Erien L. Frazier, | ) Case No: |
| Plaintiff, | ) **Civil Complaint** |
| vs. | ) ELH 14 CV 0708 |
| Credit Bureau Associates of Georgia and | ) |
| Merchants | ) **JURY TRIAL DEMANDED** |
| & Medical Adjustment Bureau, | ) |
| Defendants | ) |

## COMPLAINT

Plaintiff, Erien Frazier, individually, hereby sues Credit Bureau Associates of Georgia for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227, 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(a)(iii) and Merchants and Medical Adjustment Bureau for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692e.

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(a)(iii) and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692e.

2. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

### JURISDICTION AND VENUE

Civil Complaint - 1

3. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.
4. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.
5. This is an action for damages which exceed $10,000.

## PARTIES

6. Plaintiff, Erien Frazier, is a natural person and is a resident of the State of Maryland.
7. Upon information and belief Defendants, Credit Bureau Associates of Georgia ("CBAG") and Merchants and Medical Adjustment Bureau are foreign corporations, not authorized to do business in Maryland.
8. Upon information and belief Defendants, Credit Bureau Associates of Georgia ("CBAG") and Merchants and Medical Adjustment Bureau are Georgia corporations, not authorized to do business in Maryland.

## FACTUAL ALLEGATIONS

9. From December 16, 2011 through March 23, 2012, Credit Bureau Associates of Georgia violated the TCPA by using an automatic telephone dialing system to call Plaintiff's cell phone.
10. From December 16, 2011 through March 23, 2012, Credit Bureau Associates of Georgia violated the TCPA by calling Plaintiff's cell phone 6 times with no prior permission given by Plaintiff (See Exhibits A-F).
11. Credit Bureau Associates of Georgia is a debt collector seeking to collect an alleged but non-existent debt.
12. Plaintiff and Credit Bureau Associates of Georgia do not have an established business relationship within the meaning of 47 U.S.C. § 227.

13. From February of 2013 through March 2014, Merchants and Medical Adjustment Bureau have been attempting to collect a disputed nonexistent debt in violation of FDCPA.

## COUNT 1

## VIOLATIONS OF THE TELEPHONE

## CONSUMER PROTECTIONS ACT 47 U.S.C. § 227

14. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

15. Defendant Credit Bureau Associates of Georgia has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automated telephone dialing system to call the Plaintiff's cellphone number.

16. Defendant Credit Bureau Associates of Georgia has committed 6 separate violations of 47 U.S.C. § 227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

17. Defendant Credit Bureau Associates of Georgia has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given Credit Bureau Associates of Georgia permission to call Plaintiff's cell phone. Plaintiff and Credit Bureau Associates of Georgia do not have an established business relationship within the meaning of 47 U.S.C. § 227.

**WHEREFORE,** Plaintiff demands judgment for damages against Credit Bureau Associates of Georgia for actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT II

## VIOLATIONS OF THE MARYLAND TELEPHONE

## CONSUMER PROTECTION ACT (MTCPA)

## §14-3201(2), §14-3202

Civil Complaint - 3

18. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.
19. Defendant, Credit Bureau Associates of Georgia, has demonstrated willful or knowing non-compliance with Maryland Commercial Code § 14-3201(2), Maryland Commercial Code § 14-3202(a) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.
20. Defendant, Credit Bureau Associates of Georgia, has committed 6 separate violations of Maryland Commercial Code § 14-3201(2), Maryland Commercial Code § 14-3202(a) by calling the Plaintiff's cell phone without prior permission.
21. Plaintiff is entitled to damages of $500 per violation and treble damages pursuant to Maryland Commercial Code § 14-3202(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Credit Bureau Associates of Georgia for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Maryland Commercial Code § 14-3202b.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT
## COLLECTIONS PROTECTIONS ACT 15 U.S.C. § 1692
## BY MERCHANTS & MEDICAL ADJUSTMENT BUREAU

22. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.
23. Defendant Merchants & Medical Adjustment Bureau continued collection activity after receiving notice of dispute, and failed to provide written validation of the alleged debt before resuming collection activities, in violation of 15 U.S.C. § 1692g(b).
24. Defendant Merchants & Medical Adjustment Bureau violated 15 U.S.C. § 1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to retain information concerning the consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against Credit Bureau Associates of Georgia for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT IV
### VIOLATIONS OF MARYLAND COMMERCIAL LAW CODE
### 14-202 CONSUMER DEBT COLLECTION BY
### MERCHANTS & MEDICAL ADJUSTMENT BUREAU

25. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.
26. Plaintiff is a person within the meaning of Maryland Commercial Code § 14-201(d).
27. Defendant is a collector within the meaning of Maryland Commercial Code § 14-201(b).
28. Defendant Merchants & Medical Adjustment Bureau claim to enforce a collection of an alleged debt when that right does not exist in violation of Maryland Commercial Code § 14-202(8).
29. Plaintiff has suffered emotional distress and mental anguish caused by these violations.

**WHEREFORE,** Plaintff demands judgment for damages against Merchants & Medical Adjustment Bureau for actual or statutory damages, and punitive damages, attorney's fees and cost, pursuant to Maryland Commercial Code § 14-203.

### COUNT V
### VIOLATIONS OF MARYLAND COMMERCIAL LAW CODE
### 13-301 UNFAIR OR DECEPTIVE TRADE PRACTICES BY
### MERCHANTS & MEDICAL ADJUSTMENT BUREAU

30. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.

31. Plaintiff is a consumer within the meaning of Maryland Commercial Code § 13-101(c).

32. Defendant is a corporation within the meaning of Maryland Commercial Code § 13-101(h).

33. Defendant Merchants & Medical Adjustment Bureau violated § 13-301 by unfairly continuing to collect on an alleged debt that was disputed, without providing proper validation of the alleged debt.

34. Defendant Merchants & Medical Adjustment Bureau violated § 13-301(3) by failing to state a material fact that there is no business relationship or legal obligation of consumer to pay the alleged debt, and that failure tended to deceive the consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against Merchants & Medical Adjustment Bureau for actual or statutory damages, and attorney's fees costs, pursuant to Maryland Commercial Code § 13-408.

Dated this 24th of February, 2014

Erien Frazier

Erien Frazier
P.O. Box 25
Hagerstown, MD 21740
(410) 262-8690
erienfrazier@gmail.com

**VERIFICATION**

I, Erien Frazier, have read the foregoing complaint and examined any attachments referenced therein. The facts stated in the complaint are true. The attachment is a true and fair copy.

_Erien Frazier_                                    _Erien Frazier_ (signature)

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this 24th day of February, 2014.

_(signature)_

**Notary**

My commission expires: _____

Steve Swayne
NOTARY PUBLIC
Washington County, State of Maryland
My Commission Expires April 11, 2016